IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**LUKE WALTON,**                )
                                )
    Plaintiff,           )
                                )
  v.                            )    2:17cv150
                                )    **Electronic Filing**
**COUNTY OF ALLEGHENY**          )
**PENNSYLVANIA, ADA CHRISTOPHER** )
**AVETTA, ADA SHELLEY ROHRER,**  )
                                )
    Defendants.          )

# MEMORANDUM AND
# ORDER OF COURT

Proceeding *pro se* and *in forma pauperis*, Luke Walton ("plaintiff") commenced this civil action against the County of Allegheny, Assistant District Attorney Christopher Avetta ("ADA Avetta"), and Assistant District Attorney Shelley Rohrer ("ADA Rohrer") asserting that his due process rights were violated during the process that led to his ultimate acceptance of the agreement. For the reasons set forth below, plaintiff's motion to proceed *in forma pauperis* will be granted and his complaint will be dismissed for failure to state a claim upon which relief can be granted.

Plaintiff avers that ADA Avetta mislead him in May of 2015, when she explained the terms of a proposed plea agreement. The offers were for 6 to 12 years, 5 to 10 years and 3 to 6 years. Of course, plaintiff expressed a willingness to accept the third proposal of a state sentence of 3 to 6 years with a recommendation for bootcamp. This understanding was reinforced by Judge Cashman, Judge of the Court of Common Pleas of Allegheny County. Plaintiff was led to believe from all that transpired that this meant he would serve a total of 9 months incarceration.

ADA Rohrer then changed the terms of the agreement at the time plaintiff entered his change of plea on July 22, 2015.  The change was the addition of a term of probation after a term of incarceration at the recommended boot camp program.  The term of probation increased the length of punishment to which plaintiff has been exposed.

Plaintiff was sentenced to a term of 3 to 6 years of incarceration in the Court of Common Pleas of Allegheny County by Judge Cashman.  He was sent to Quehanna Motivational Boot Camp.

Through this civil rights action plaintiff seeks the removal of the 4 year term of probation.  He also seeks general, special and punitive damages.  See generally Complaint (Doc. No. 1-1).

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis to determine whether to direct service of a complaint where the plaintiff seeks to proceed in forma pauperis.  First, the court must determine whether the litigant is indigent within the meaning of 28 U.S.C. § 1915(a).  Second, the court must determine whether the complaint is frivolous or malicious under 28 U.S.C. § 1915(d).[2]  Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990).  The court finds plaintiff to be without sufficient funds to pay the required filing fee.  Thus, he will be granted leave to proceed in forma pauperis.

In Neitzke v. Williams, 490 U.S. 319 (1989), the Supreme Court identified two types of legally frivolous complaints: (1) those based upon indisputably meritless legal theory, and (2) those with factual contentions which clearly are baseless.  Id. at 327.  An example of the first is where a defendant enjoys immunity from suit, and an example of the second is a claim describing a factual scenario which is fanciful or delusional.  Id.  In addition, Congress has expanded the scope of § 1915 to require that the court be satisfied that the complaint states a

---

[2] This provision is now codified at §1915(e)(2)(B)(i).

claim upon which relief can be granted before it directs service; if it does not, the action shall be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

A review of plaintiff's "complaint" reveals that it seeks to advance claims that are based on indisputably meritless legal theory or are otherwise based on factual contentions that are fanciful.

ADA Avetta and ADA Rohrer are entitled to prosecutorial immunity as to the actions identified in plaintiff's complaint. As a general matter, prosecuting attorneys are absolutely immune from suits for damages under § 1983 based on activities that are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). While this immunity does not extend to every act undertaken by a prosecutor, absolute immunity extends to both "activity taken while in court, such as the presentation of evidence or legal argument, as well as selected out-of-court behavior 'intimately associated with the judicial phases' of litigation." Kulwicki v. Dawson, 969 F.2d 1454, 1463 (3d Cir. 1992) (quoting Imbler, 424 U.S. at 430). Negotiating the terms of the plea agreement and conducting a change of plea hearing before the court are routine prosecutorial functions undertaken in a "quasi-judicial" role and are activities "intimately associated with the judicial phases" of prosecution. As such, they are activities cloaked with prosecutorial immunity. Consequently, plaintiff's claims against the assistant prosecutors are based on indisputably meritless legal theory.

Moreover, plaintiff's claims against the County of Allegheny are fanciful. Plaintiff does not complain of an act done by the County, but instead seeks to undo part of a criminal sentence. The sentence was imposed by Judge Cashman, who was acting as a Judge for the Court of Common Pleas of Allegheny County when he imposed the sentence.

Federal suits against the state are barred by the Eleventh Amendment.[1] Alabama v. Pugh, 438 U.S. 781, 781-82 (1978). Eleventh Amendment immunity applies to suits against the state regardless of the relief sought. In re Kish, 212 B.R. 808, 814 (Bkrtcy D. N.J. 1997) ("the 'jurisdictional bar [of the Eleventh Amendment] applies regardless of the relief sought'") (citing Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100–01 (1984)); see also Cory v. White, 457 U.S. 85, 90 (1982) ("It would be a novel proposition indeed that the Eleventh Amendment does not bar a suit to enjoin the state itself simply because no money judgment is sought.").

Suits against a state agency or a state department are considered to be suits against a state which are barred by the Eleventh Amendment. In re Kish, 221 B.R. 118, 124-25 (Bkrtcy. D. N.J. 1998) (quoting Geis v. Board of Educ. of Parsippany–Troy Hills, Morris Cnty., 774 F.2d 575, 580 (3d Cir.1985)); accord Hafer v. Melo, 502 U.S. 21, 25 (1991); Haybarger v. Lawrence County Adult Probation And Parole, 551 F.3d 193, 198 ("the Eleventh Amendment applies to suits against subunits of the State") (citing Pennhurst, 465 U.S. at 100)). And suits against state officials for acts taken in their official capacity must be treated as suits against the state. Hafer, 502 U.S. at 25.

"The Commonwealth [of Pennsylvania] vests judicial power in a unified judicial system, and all courts and agencies of [that system] are part of the Commonwealth government rather than local entities." Haybarger, 551 F.3d at 198 (citing Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 240-41 (3d Cir. 2005) and Pa. Const. art. V, § 1)). It likewise is settled that "Pennsylvania's judicial districts . . . are entitled to Eleventh Amendment immunity." Id.

---

[1] The Eleventh Amendment "enacts a sovereign immunity from suit, rather than a nonwaivable limit on the federal judiciary's subject-matter jurisdiction." Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267 (1997).

Plaintiff seeks relief from a sentence that was imposed by a Judge acting pursuant to his official duties as an officer of Pennsylvania's judicial system. As such, both the judge and the Court of Common Pleas of Allegheny County are entitled to Eleventh Amendment immunity. And plaintiff may not superficially seek to substitute another county entity in order to defeat the broad protections afforded by that immunity. In other words, plaintiff's attempt to state a claim against Allegheny County is based on factual contentions that are fanciful or is otherwise predicated on indisputably meritless legal theory. In either event the claims against the County of Allegheny must be dismissed.

It follows that the complaint does not state a claim upon which relief can be granted. Accordingly, the following order is appropriate.

**ORDER**

AND NOW, this 17th day of March, 2020, for the reasons set forth in the memorandum above, IT IS ORDERED that plaintiff's motion to proceed in forma pauperis be, and the same hereby is, **GRANTED.** The Clerk of Court shall file [1-1] plaintiff's complaint; and,

IT IS FURTHER ORDERED that plaintiff's "complaint" be, and the same hereby is, dismissed for failure to state a claim upon which relief can be granted. An order of final judgment in the form of the dismissal of plaintiff's complaint will follow.

s/David Stewart Cercone  
David Stewart Cercone  
Senior United States District Judge

cc: Luke Walton
MC-6633
Quehanna Boot Camp
4510 Quehanna Highway
Karthaus, PA 16845

(*Via CM/ECF Electronic Mail*)

**DISMISSED** for failure to state a claim.[2]

s/David Stewart Cercone<br>
David Stewart Cercone<br>
Senior United States District Judge

cc: Whitney Washington
     2926 Zephyr Avenue
     Apartment 2
     Pittsburgh, PA 15204

     (*Via First Class Mail*)

     (*Via CM/ECF Electronic Mail*)

---

[2] As a general matter, a plaintiff is to be granted leave to amend a claim that has been dismissed when an amendment might be able to cure the deficiencies resulting in the dismissal. Phillips v. County of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008). This principle does not apply, however, where the record indicates any attempt to do so would be futile. Id. at 236 (citing Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002)). Here, it appears that plaintiff's "claims" are predicated solely on speculation. Consequently, the claims have been dismissed and the case has been closed. To the extent plaintiff believes that this disposition is in error, he may file a motion for reconsideration and attach to it his proposed amended complaint. The court will review any such motion/filing pursuant to the standards governing a motion for leave to amend. Any motion seeking such relief shall be filed on or before March 6, 2020.